Judge Owsley
delivered the opinion of the court.*
This case turns upon the correctness of the decision of the circuit court, in overruling the plaintiff’s motion for a new trial.
The action was brought in that court by the plaintiff, to recover damages for the conversion of a set of smith’s tools, and the trial was had on the general issue.
The right of property in the tools was asserted by the plaintiff, through a purchase made by a certain M'Dowell, who is admitted by both parties to be the rightful owner.
From the evidence, it is perfectly clear that the defendant had no interest in the tools when the purchase, by the plaintiff is alledged to have been made; and as he is, moreover, proven to have obtained the possession with an express undertaking to indemnify M'Dowel against the claim of the plaintiff, it became material for the plaintiff barely *25 to manifest such a right as would have authorised a recovery in a contest with M’Dowel.
Bibb for plaintiff.
That such a right was proven by the plaintiff, we apprehend there is but little room to doubt.
The proof is conclusive that the plaintiff not only contracted with M'Dowel for the tools, but that he also, by the delivery of a horse, actually paid the stipulated consideration. The horse, it is true, after the delivery, was alledged by M’Dowel to be unsound, but the unsoundness was denied by the plaintiff, and no evidence was produced conducing to prove the charge, and although the plaintiff appears to have again received the horse from M’Dowel, he is proven to have done so, not under a cancelment of the contract for the tools, but upon an express promise to pay M’Dowel another horse of equal value.
The re-delivery of the horse by the plaintiff, therefore, cannot have impaired his right to the tools—for a failure to pay a horse of equal value according to his undertaking, M’Dowel might, no doubt, maintain an action, but, we apprehend, such a failure furnishes no legitimate defence to an action for the tools.
We think, therefore, that the verdict of the jury against the plaintiff, was against evidence, and that a new trial ought to have been awarded.
The judgment must be reversed with cost, the cause remanded, and further proceedings had not inconsistent with this opinion.

 Absent, Judge Rowan.